**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAUL S. ZAVALA,

        Plaintiff-Appellant,

v.

HECTOR RIOS; et al.,

        Defendants-Appellees.

No.    15-17371

D.C. No. 1:09-cv-00679-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding

Argued and Submitted April 12, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and OLGUIN,[**]
District Judge.

Plaintiff Raul Sanchez Zavala appeals an order granting summary judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the parties are

familiar with the factual and procedural history of the case, we need not recount it

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Fernando M. Olguin, United States District Judge for
the Central District of California, sitting by designation.

here.  We review the grant of summary judgment de novo.  *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007).

Zavala seeks to pursue a claim for money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of procedural due process related to prison mail.  "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  *Carlson v. Green*, 446 U.S. 14, 18 (1980).  However, the Supreme Court has since "adopted a far more cautious course before finding implied causes of action."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).  The "first question" we consider is whether this "case is different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court.  *Id.* at 1859.  If so, we then consider "whether there were alternative remedies available or other sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy in a suit like this one."  *Id.* (internal quotation marks omitted).

In *Ziglar*, the Supreme Court clarified that "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."  137 S. Ct. at 1855 (referring to *Davis v. Passman*, 442 U.S. 228 (1979) and *Carlson*, 446 U.S. 14).

2

Zavala's claim is not sufficiently analogous to either *Bivens*, *Davis*, or *Carlson*. The Supreme Court's Fifth Amendment *Bivens* case, *Davis*, provides the closest analogy for establishing the applicability of *Bivens* in the present case. However, it is distinguishable in part because *Davis* was a gender discrimination claim under the equal protection component of the Fifth Amendment's Due Process Clause, while Zavala's claim is procedural. The difference is relevant to our consideration. *See Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018).

Under *Ziglar*, an extension of *Bivens* is not available here because, as argued and conceded by the government, Zavala may seek injunctive and declaratory relief. For example, relief may be available under 5 U.S.C. § 702, 28 U.S.C. § 1361, or 28 U.S.C. § 1331. "[U]nlike the *Bivens* remedy, which we have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see also Ziglar*, 137 S. Ct. at 1862 (2017) (noting that injunctive relief best addresses large-scale policy decisions). Zavala alleges constitutional harm caused by a prison-wide policy of declining to provide notice to inmates or explanation to senders upon the rejection of unopened mail. Injunctive and declaratory relief

3

would prevent future constitutional harm.  The availability and suitability of equitable relief in this case counsels against the extension of *Bivens*.

We therefore affirm the grant of summary judgment on Zavala's procedural due process claim for money damages but vacate the judgment insofar as Zavala was barred by prior dismissal orders from seeking prospective relief.

The remaining arguments in Zavala's pro se brief are without merit.

Each party should bear its or their own costs.

**AFFIRMED in part, VACATED in part, and REMANDED**.